Rick Klingbeil, OSB #933326
email: rick@klingbeil-law.com
RICK KLINGBEIL, PC
1826 NE Broadway, Second Floor
Portland, OR 97232
Ph: 503-473-8565

    of Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **KALEY DIANN SILVA**, an Oregon resident,<br><br>        **Plaintiff**,<br>    v.<br><br>**RITE AID CORPORATION**, a Delaware corporation,<br><br>        **Defendant**. | Case No.<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>**(1) Fraud**<br>**(2) Unjust Enrichment**<br>**(3) State Unlawful Trade Practices**<br>**(4) Injunctive Relief**<br><br>**JURY TRIAL DEMANDED** |

    Plaintiff individually and on behalf of the Class and Subclass described below alleges:

## I.    NATURE OF THE CASE

    1.    This is a proposed class action. Plaintiff, on behalf of herself and all

similarly situated persons seeks damages and injunctive relief based on Defendant's acts and material omissions. This includes claims based on unjust enrichment, fraud, and relief for a state of Oregon subclass based on the claims stated by the National Class plus violations of state consumer protection statutes related to unlawful trade practices.

2.      The claims arise from the marketing and sales of certain "Rite Aid" branded vitamins, minerals, supplements, herbs, sports nutrition and other health and wellness products (collectively "Nutritional Supplements"). The Nutritional Supplements at issue are marketed, labeled, and sold with inaccurate or misleading representations and omissions on the container in violation of Federal and state of Oregon law and regulations.

3.      Specifically, containers for the Nutritional Supplements at issue falsely indicate that the contents provide a certain number of milligrams ("MGs" or "mgs") of Nutritional Supplement per tablet, capsule, caplet, chew, or other individualized delivery method ("Unit") and/or they contain inaccurate or misleading representations and omissions related to the total amount of milligrams of Nutritional Supplement included in the entire container.

4.      The amount of Nutritional Supplement in an individual Unit will be referred to as "Supplement Amount per Unit".

5.      The products at issue are Nutritional Supplements sold under the "Rite Aid" trade name and label.  These are sold in Rite Aid retail stores, various websites such as Amazon.com, and through the internet at Rite Aid's website located at www.riteaid.com.

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

## II.     THE PARTIES

6.     Plaintiff / Class Representative Kaley Diann Silva ("Plaintiff") is a competent adult who at all material times resided in Multnomah County, Oregon and purchased one or more of the Accused Products within Oregon during the applicable class period.

7.     Rite Aid Corporation ("Rite Aid") is the third largest retail drugstore chain in the United States based on revenues and number of stores, operating 4,536 stores as of March 4, 2017 in 31 states and the District of Columbia.  In February 2018, there were 73 Rite Aid retail stores within Oregon.

8.     Rite Aid is incorporated in Delaware and headquartered at East Pennsboro Township, Cumberland County, Pennsylvania.

9.      Rite Aid is a retailer of Nutritional Supplements and a variety of other products. It sells both proprietary brands and competitors' brands of Nutritional Supplements in its retail stores and from its internet website to customers located throughout the United States, including within the state of Oregon.

## III.     JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1367(a) and §1332, because: (a) Plaintiff was and is a resident of Oregon and Defendant is a Delaware corporation with its principal place of business in Pennsylvania, and (b) the damage claims exceed $75,000 in the aggregate.

11.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332(d)(2), the "Class Action Fairness Act." On information and belief, there are

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

over 100,000 Class Members in the proposed Class, over 5,000 members in the proposed Oregon Subclass, the amount in controversy exceeds $5,000,000, and on information and belief more than 95% of the Class are citizens or residents of different states than Defendant.

12.    This Court has personal jurisdiction over Defendant because it does business in the state of Oregon and this District and a significant portion of the wrongdoing alleged in this Complaint took place here. Defendant has intentionally availed itself to markets and customers in the state of Oregon and this District through the presence of retail stores, marketing and promotion, and product sales. Defendant has contacts with this state and District sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

13.    Venue is proper within the state of Oregon and this District pursuant to 29 U.S.C. §1391.

## IV.    DEFENDANT'S CONDUCT

### A.    Background

14.    During the class period Rite Aid sold both a "house brand" of Nutritional Supplements labeled under the "Rite Aid" name, and sold competing Nutritional Supplements labeled with the trade or brand names of other manufacturers. Typically, a Rite Aid-branded Nutritional Supplement is shelved adjacent to or near one or more competitor's products of the same type (i.e. Rite Aid Vitamin C next to a competitor's Vitamin C).

15.    The front-facing portion of packaging for a Nutritional Supplement is

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

defined as the "Principal Display Panel" ("PDP") by the United States Food and

Drug Administration ("FDA"). The FDA defines the PDP as "the part of a label

that is most likely to be displayed, presented, shown, or examined under

customary conditions of display for retail sale." 21 CFR 101.1.

16.     The PDP provides information that allows purchasers to determine

the contents of the package, and to comparison shop between various

manufacturers and brands of the same or similar types and quantities of

Nutritional Supplements.

17.     Information on a PDP typically includes: (1) the type of Nutritional

Supplement, such as "Vitamin C" or "Calcium", (2) the quantity of the Nutritional

Supplement, typically in milligrams ("MG" or "mg"), (3) and the number of

individual units of Nutritional Supplement contained within the package, typically

expressed as "tablets", "capsules", "caplets", "softgels", or similar ("Units").

18.     Adjacent to and below packages on its shelves, Rite Aid displays a

price label that includes the price and additional information about the Nutritional

Supplement in the package ("Price Label").

19.     The United States Food and Drug Administration ("FDA")

established rules relating to the contents of the PDP.  These include the

requirement that the PDP "shall bear a declaration of the net quantity of

contents." 21 CFR 101.105(a) and (c).

20.     According to the FDA, '[t[his shall be expressed in the terms of

weight, measure, numerical count, or a combination of numerical count and

weight or measure."  21 CFR 101.105(a).  "When the declaration of quantity of

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

contents by numerical count does not give adequate information as to the

quantity of food in the package, it shall be combined with such statement of

weight, measure, or size of the individual units of the foods as will provide such

information."  21 CFR 101.105(c).

21.    FDA guidance documents state:

"What is the net quantity of contents statement for a dietary supplement?"

"The net quantity of contents statement for a dietary supplement is the statement that informs consumers of the amount of dietary supplement that is in the container or package."

21 CFR 101.105(a).

22.    Industry standards and practices related to PDPs vary to some

degree, but standard practice and FDA compliance involves a truthful and factual

method of providing information to consumers related to the net quantity of

supplement in a package. The majority of Defendant's competitors in the

Nutritional Supplement market configure their PDPs as follows:

a.    When the Serving Size of the Nutritional Supplement is one

Unit, the PDP states the total number of Units in the

container, and the Supplement Amount per single Unit.  See,

Figure 1 below for an example.

b.    When the Serving Size of the Nutritional Supplement is more

than one Unit, the PDP states the total number of Units in the

container, and the PDP either:

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

i.   states the Supplement Amount per single Unit. See Figure 2 below; OR

ii.  states the total Supplement Amount contained in one multi-Unit *serving*, and includes the words "per serving" or "per [X Units]" adjacent to the statement of Supplement Amount. See Figure 3 below.

## Figure 1

  

## Figure 2

 

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

## Figure 3







RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

**B.     Accused Products**

23.     Each Accused Product in this case has a Serving Size of more than one Unit.  Even so, Defendant does not employ either of the industry standard disclosure methods, as described in paragraph 22.(b.)(i.) or (ii.) above, or any other method to accurately state the Supplement Amount on the PDPs of its Accused Products.

24.     Instead, the PDPs on each of the Accused Products state the total number of Units in the container and the Supplement Amount contained in a *multi-Unit Serving Size*.

25.     Defendant omits text indicating that the Supplement Amount shown on the PDPs of its Accused \Products is "per serving" or "per [X Units]".

**i.     Example: Glucosamine/Chondroitin, 1000mg/800mg, 60 ct.**

**a.     Misleading Packaging / PDP**

26.     Figure 4a below is an example of an Accused Product with labeling representative of each of the Accused Products in this case. The net quantity of Nutritional Supplement shown by the PDP in Figure 4a (on the left) is false and misleading.

27.     The PDP in Figure 4a, when read in light of the industry standards, common industry practice, and the FDA rules falsely represents that the bottle holds 60 capsules that each contain 1000 mg of Glucosamine and 800 mg of Chondroitin ("1000/800 mg"). The Supplement Facts panel in 4a shows that the misleading 1000/800 figures on the PDP are based on a "serving size" of four capsules.

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

28.    The bottle actually contains 60 capsules that each contain 250 mg of Glucosamine and 200 mg of Chondroitin. A total of four capsules must be consumed to obtain the 1000/800 mg quantities represented on the PDP. Instead of 60 servings of 1000/800 mg, the purchaser is provided 15 servings of 1000/800 mg.

# Figure 4a



29.    Rite Aid's PDP for the "Glucosamine/Chondroitin, 1000mg/800mg, 60 capsules" bottle, similar to each of the Accused Products in this case violates FDA rules and Oregon law because it fails to "bear a declaration of the net quantity of contents" as required by 21 CFR 101.1.

      **b.    Misleading Internet Page**

30.    Internet purchasers are provided with additional false representations consistent with, and that further reinforce the misleading information on the PDP. Exhibit 4b shows an excerpt from the Rite Aid web

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

page, which indicates "Rite Aid Glucosamine/Chondroitin, 1000/800 mg, 60 ea."

31.    Similar to the PDP, the text from the Rite Aid web page does not indicate that the 1000/800 mg figures are based on a serving size of four, or that there are not 60 capsules of 1000/800 mg, but instead 60 capsules of 250/200 mg.

# Figure 4b



c.    **Misleading In-Store Price Labels**

32.    In-store purchasers are provided a Price Label for the Rite Aid Glucosamine/Chondroitin product attached to the shelf adjacent to and below the bottle. The misrepresentation on the Price Label is consistent with, and further reinforces the misleading representations and omissions on the PDP.  Figure 4c, below, shows the Price Label for the "Rite Aid Glucosamine / Chondroitin 1000/800 mg, 60 capsule" bottle above:

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

# Figure 4c



33.    A consumer viewing with this Price Label would reasonably conclude that they were purchasing 60 Units that each contain 1000 mg of Glucosamine and 800 mg of Chondroitin and not 60 Units with 250 mg of Glucosamine and 200 mg of Chondroitin.

**ii.    Another Example of Defendant's Misconduct Applicable to All Accused Products – Calcium 1000mg, 100 tablets.**

**a.    Misleading Packaging / PDP**

34.    Figure 5a below shows Defendant's 1000mg Calcium supplement. The net quantity of Nutritional Supplement shown by the PDP in Figure 5a is false and misleading, and representative of each of the Accused Products in this case.

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

# Figure 5a



**Supplement Facts**

Serving Size Two (2) Tablets
Servings Per Container 50

| Each Serving Contains | | % Daily Value |
|---|---|---|
| Calcium (as Calcium Carbonate) | 1000 mg | 100% |
| Boron (as Boron Gluconate) | 3 mg | * |

* Daily Value not established.

**OTHER INGREDIENTS:** Polyethylene Glycol, Croscarmellose Sodium, Sodium Starch Glycolate, Maltodextrin, Magnesium Stearate, Cellulose, Carnauba Wax, Titanium Dioxide, Vegetable Acetoglycerides.

35.    The PDP falsely represents that the bottle holds 100 tablets that each contain 1000 mg of Calcium. The Supplement Facts panel in Figure 5a shows that the misleading 1000 mg figure on the PDP is based on a "serving size" of two tablets.

36.    The bottle actually contains 100 tablets that each contain 500 mg of Calcium. Two tablets must be consumed to obtain the 1000 mg quantity represented on the PDP. Instead of 100 servings of 1000 mg, the purchaser is actually provided 50 servings of 1000 mg.

37.    Rite Aid's PDP for its "Calcium 1000mg, 100 tablets" bottle, similar to each of the Accused Products in this case violates FDA rules and Oregon law because it fails to "bear a declaration of the net quantity of contents" as required by 21 CFR 101.1.

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

### b.     Misleading Internet Page

38.     Internet purchasers are provided with additional false representations consistent with, and that further reinforce the misleading information on the PDP.  Figure 5b shows an excerpt from the Rite Aid web page which indicates "Rite Aid Calcium, 1000 mg, 100 ct."

39.     Similar to the PDP, the text from the Rite Aid web page does not indicate that the 1000 mg figure is based on a serving size of two, or that there are not 100 tablets of 1000 mg, but instead 100 tablets of 500 mg.

# Figure 5b



### c.     Misleading In-Store Price Labels

40.     In-store purchasers are provided a Price Label for the Rite Aid

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

Calcium product. The label is attached to the shelf adjacent to and below the bottle. The misrepresentation on the Price Label is consistent with, and further reinforces the misleading representations and omissions on the PDP.  Figure 5c, below, shows the Price Label for the Rite Aid "Calcium 1000mg, 100 tablets" bottle above:

# Figure 5c



41.     A consumer viewing with this Price Label would reasonably conclude that they were purchasing 100 units that each contain 1000 mg of Calcium.

### iii.     All Accused Products

42.     Exhibits 1 through 11, located at the end of this Complaint, show for each Accused Product (and to the extent they exist and are currently available to Plaintiff): (1) the container and PDP, (2) the Supplement Facts panel, (3) an excerpt of the Rite Aid Website page, (4) the Price Label.

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

a.    **The PDPs, Webpage Text, and/or Price Labels for Each Accused Product Creates a Substantial Likelihood that Consumers will be Misled.**

43.    The PDPs, and to the extent they exist, website text and Price Labels for each of the Accused Products omit any indication that the stated amount of Nutritional Supplement is intended to be "per serving" of more than one Unit, or "per X Units".

44.    The PDPs for each Accused Product fails to accurately or truthfully "bear a declaration of the net quantity of contents" as required under federal and Oregon law.

45.    Defendant materially misrepresents the quantity and characteristics of the contents of each of the Accused Products, creating a substantial likelihood of confusion, and a substantial likelihood that a reasonable consumer will be misled into believing they were receiving significantly more net quantity of Nutritional Supplement than actually exists in the containers.

46.    In its stores, Rite Aid typically shelves its Accused Products adjacent to one or more of the same or similar Nutritional Supplements from other manufacturers. The PDP of each container is oriented to face the consumer.

47.    Rite Aid does this to encourage consumers to use the information on the PDPs and Price Labels to compare quantities, prices, and unit prices of its Nutritional Supplements to its competitors' products.

48.    The Accused Rite Aid-branded Products gain an unfair advantage, mislead consumers, and thwart their efforts to effectively comparison shop because the PDPs and Price Labels on the Accused Products overstate the

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

quantity of Nutritional Supplements as described above.

49.     Rite Aid's internet marketing and sales of Accused Products at its website also misleads consumers. At its website, each of the Accused Products is presented with the container facing so that the PDP is viewable by the consumer. Adjacent to that image, additional text reinforces the misleading statements on the PDP.

50.     The internet website pages for the Accused Rite Aid-branded Products gain an unfair advantage, mislead consumers, and thwart their efforts to effectively comparison shop because the PDPs misleadingly overstate the quantity of Nutritional Supplement in each container, as described above.

**b.     Defendant intended to Mislead Consumers**

51.     Defendant's conduct with respect to the Accused Products is purposefully and intentionally misleading.

52.     As one of the largest sellers of Nutritional Supplements, Defendant is familiar with the FDA rules regarding supplement labeling and knew or should have known that the PDPs on its Accused Products failed to meet federal and state of Oregon law.

53.     Defendant also knew or should have known and that its PDPs, Price Labels, and internet website pages for its Accused Products created a substantial likelihood of misleading consumers regarding the total amount of Nutritional Supplement in the container, and per unit.

54.     Defendant sells numerous other products that have serving sizes greater than one. Defendant truthfully and accurately labels those products in a

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

manner that allows a consumer to reference the PDP and determine the amount

of Supplement per Unit, and the total amount of milligrams of Supplement within

the container.

55.     Defendant's Fish Oil provides an example. The PDP and

Supplement Facts panel for Defendant's "Rite Aid Fish Oil, 1000 mg, 60 softgels"

is shown at Figure 6, below. The bottle contains 60 softgels that each contain

1000 mg of fish oil. The Supplement Facts panel shows a serving size of two

softgels, which result in a total serving of 2000 mg (2 grams) of Fish Oil.

56.     The PDP for the bottle accurately represents that it contains 60

softgels and that each contains 1000 mg of fish oil.

# Figure 6





57.     Defendant's Calcium Citrate Plus Vitamin D provides another

example of a truthfully labeled Rite Aid Nutritional Supplement with a serving size

of greater than one Unit. The PDP and Supplement Facts panel for Defendant's

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

"Rite Aid Calcium Citrate Plus Vitamin D, 315 mg, 120 tablets" is shown in Figure 7, below.  The bottle contains 120 tablets that each contain 315 mg of Calcium Citrate.  The Supplement Facts panel shows a serving size of two tablets, which results in a total serving of 630 mg of Calcium Citrate.

58.     The PDP for the calcium citrate bottle accurately represents that it contains 120 tablets that each contain 315 mg of calcium citrate.

# Figure 7



c.     **All Accused Products**

59.     Table 1 shows all Accused Products currently believed to have been sold by Rite Aid during the class period. The third and fourth columns of Table 1 contrast the represented quantity per Unit versus actual quantity per Unit of Nutritional Supplement. After discovery in this case, Plaintiff anticipates amending this complaint to add any additional Rite Aid branded Nutritional Supplements with a PDP that misstates the contents of Nutritional Supplement within the container.

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

# Table 1

| Product Name or Ingredient | Units / Pkg. | Represented MG/Unit | Actual MG/Unit | Percent Shortfall | Exh. # |
|---|---|---|---|---|---|
| Calcium | 100 | 1000 | 500 | 50 | 1 |
| Cranberry | 100 | 850 | 425 | 50 | 2 |
| Echinacea & Goldenseal | 50 | 500/400 | 250/200 | 50 | 3 |
| Glucosamine/ Chondroitin | 60 | 1000/800 | 250/200 | 75 | 4 |
| Glucosamine/ Chondroitin | 60 capsules | 500/400 | 167/133 | 67 | 5 |
| Glucosamine/ Chondroitin | 120 | 500/400 | 167/133 | 67 | 6 |
| Glucosamine/ Chondroitin | 180 | 500/400 | 167/133 | 67 | 7 |
| Glucosamine/ Chondroitin/MSM | 120 | 1500/1200/900 | 500/400/300 | 67 | 8 |
| Glucosamine/ Chondroitin/MSM | 180 | 1500/1200/900 | 500/400/300 | 67 | 9 |
| Glucosamine/ Chondroitin/MSM | 240 | 1500/1200/900 | 500/400/300 | 67 | 10 |
| Lycopene | 60 | 30 | 15 | 50 | 11 |

V.    **INDIVIDUAL ALLEGATIONS**

A.    **Oregon Plaintiff Kaley Diann Silva Purchased Accused Product**

60.    Plaintiff Kaley Diann Silva is a Multnomah County, Oregon resident who has, at various times, purchased Accused Products.

61.    On February 2, 2018, she entered Rite Aid store #05346 located at 1814 NE 41st, Portland, Oregon. While there she purchased two Accused Products, a bottle of Glucosamine /Chondroitin, 500mg/400mg, 60 capsules and Glucosamine/Chondroitin/MSM, 1500mg/1200mg/900mg, 180 caplets. Figures 8

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

and 9.

     **i.**     **Glucosamine /Chondroitin, 500mg/400mg, 60 capsules**

62.     The PDP on the bottle of Rite Aid Glucosamine/Chondroitin product indicates "Glucosamine/Chondroitin 500 mg/400 mg, 60 capsules". The PDP does not reveal that to obtain the stated 500 mg of Glucosamine and 400 mg of Chondroitin the consumer must ingest *three capsules*.

63.     The only indication that each capsule contains only one third of the amounts of Glucosamine and Chondroitin stated on the PDP is found in the Supplement Facts panel on the back of the bottle.

64.     The PDP on the Rite Aid Glucosamine/Chondroitin product fails to accurately or truthfully "bear a declaration of the net quantity of contents."

# Figure 8a



65.     The Price Label located adjacent to the Rite Aid Glucosamine

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

/Chondroitin product purchased by Plaintiff reinforces the misleading information on the product's PDP. The Price Label describes the product as "RITE AID, GLUC/CHON, 500/400 CAP60CT". See Figure 8b, below.

## Figure 8b



66.     Plaintiff reasonably believed that she was purchasing a bottle with 60 capsules and that each contained 500 mg of glucosamine and 400 mg of chondroitin.

67.     Plaintiff did not know that for the Glucosamine /Chondroitin, 500mg/400mg, 60 capsules the "500mg/400mg" statement purported to represent Serving Size, and did not know that the PDP otherwise misrepresented the net quantity of Supplement contained within the package.

**ii.     Glucosamine/Chondroitin/MSM, 1500mg/1200mg/900mg, 180 ct.**

68.     The PDP on the bottle of Rite Aid Glucosamine/Chondroitin/MSM product indicates "Glucosamine/Chondroitin/MSM, 1500mg/1200mg/900mg, 180 caplets."  The PDP does not reveal that to obtain the stated 1500 mg of Glucosamine, 1200 mg of Chondroitin, and 900mg of MSM, the consumer must ingest *three capsules*.

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

69.     The only indication that each capsule contains only one third of the amounts of Glucosamine and Chondroitin stated on the PDP is found in the Supplement Facts panel on the back of the bottle.

70.     The PDP on the Rite Aid Glucosamine/Chondroitin product fails to accurately or truthfully "bear a declaration of the net quantity of contents."

# Figure 9




71.     Plaintiff reasonably believed that she was purchasing a bottle with 180 tablets and that each contained 1500 mg of glucosamine, 1200 mg of chondroitin, and 900 mg of MSM.

72.     Plaintiff did not know that for the Glucosamine/Chondroitin/MSM, 1500mg/1200mg/900mg, 180 caplets the "1500mg/1200mg/900mg" statement purported to represent Serving Size, and did not know that the PDP otherwise misrepresented the net quantity of Supplement contained within the package.

**B.     Defendant's Misrepresentations and Omissions were Material to Plaintiff**

73.     The facts withheld from the PDP of the Accused Products (i.e. that

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

the Supplement Amount on the PDP was a "per serving" or "per X units" amount, and not actually the Supplement Amount per Unit), were material in that a reasonable purchaser, including Plaintiff, would likely have considered them important in making a purchasing decision.

74.    Plaintiff would not have purchased the Accused Products, or would have only purchased them at a lower price if the actual and accurate Supplement Amount per Unit had been disclosed to her on the PDP.

75.    This disclosure should have included: (a) an indication that the listed Supplement Amount was "per serving" or "per 3" Units, and/or (b) that the Supplement Amount per Unit was actually 167mg/133mg for the Glucosamine /Chondroitin product, and/or (c) that the Supplement Amount per Unit was actually 500mg/400mg/300mg for the Glucosamine /Chondroitin/MSM product.

## VI.    CLASS ALLEGATIONS

76.    Plaintiff brings this action on behalf of herself and all similarly situated persons who purchased one or more Accused Products within the United States and within Oregon, or within any class or sub-class that the Court may determine appropriate for class certification treatment pursuant to Federal Rules of Civil Procedure 23(a) and 23(b).

77.    The Class and Subclass of persons that Plaintiff seeks to represent are defined as:

(a)    Nationwide Class:

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

all persons within the United States who at any time
during the applicable class period purchased one or
more Accused Products.

(b)    Oregon Subclass:

all Oregon residents who at any time during the
applicable class period purchased one or more
Accused Products.

78.    Excluded from the National Class and the Oregon Subclass are (a)
Defendants, persons, firms, trusts, corporations, officers, directors, or other
individuals or entities in which any Defendant has a controlling interest or which
is related to or affiliated with Defendant, and any current employees of
Defendant; (b) all persons who make a timely election to be excluded from the
proposed Class; (c) the judge(s) to whom this case is assigned and any
immediate family members thereof; and (d) the legal representatives, heirs,
successors-in-interest or assigns of any excluded party.

79.    Plaintiff's fraud and unjust enrichment claims are appropriate for
class-wide certification and treatment. As class representative Plaintiff can prove
the elements of her claim on a class-wide basis using the same evidence as
would be used to prove those elements in individual actions alleging the same
claims.  Defendant's commission of fraud was by omission of critical facts from
the PDP that were unknown to Plaintiff and Class Members, and which
Defendant had a duty to disclose under 21 CFR 101.105, and is therefore
appropriate for class wide determination under *Affiliated Ute Citizens of Utah v.*

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

*U.S.,* 406 U.S. 128 at 153–54 (1972).

80.     Plaintiff's claims as the Oregon Subclass representative are appropriate for sub-class certification and treatment because Plaintiff can prove the elements of her claim on a sub-class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same Oregon Subclass claims.

81.     *Numerosity Under Rule 23(a)(1)* - Members of the National Class and the Oregon Subclass are so numerous that joinder of all members individually into one action, or into individual state-wide class actions is impractical. On information and belief, the National Class consists of substantially more than 100,000 members, and the Oregon Subclass likely exceeds 5,000 members.

82.     *Commonality and Predominance under Rule 23(a)(2) and (b)(3)* - Common questions of law and fact are shared by Plaintiff and members of the National Class and the Oregon Subclass that predominate over any individual issues.

83.     For the National Class, common issues of law and fact include:

a.     Does Defendant's conduct constitute fraud?

b.     Does the omission of information which Defendant had a duty to disclose on the PDPs for the Accused Products support a determination of class-wide reliance under *Affiliated Ute Citizens of Utah v. U.S.,* 406 U.S. 128 (1972)?

c.     Is the fraud claim otherwise justiciable in a nationwide class?

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

    d.      What is the appropriate measure of damages for the fraud claim?

    e.      Are punitive damages available for the fraud claim?

    f.       What statute of limitations applies to the fraud claim?

    g.      Has the statute of limitations been tolled for the fraud claim by a discovery rule or otherwise?

    h.      Was Defendant unjustly enriched by its conduct in a way that caused harm to Plaintiff and the Class?

    i.       Is the unjust enrichment claim justiciable in a nationwide class?

    j.       What is the statute of limitation for the unjust enrichment claim?

    k.      Has the statute of limitations been tolled by the discovery rule or otherwise for the unjust enrichment claim?

    l.       What is the appropriate measure of damages for the unjust enrichment claim?

    m.     Is the National Class entitled to an injunction or other equitable relief?

    n.      What injunctive or equitable relief is appropriate?

    o.      What is the proper measure of attorney fees and costs?

84.     For the state of Oregon Subclass ("Oregon Subclass"), common questions of law and fact include each of the above common questions of law and fact applicable to the National Class, and in addition:

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

p.       Did Defendant represent that its goods have characteristics, ingredients, uses, benefits, quantities or qualities that they did not have in violation of ORS 646.608(1)(e)?

q.       Did Defendant make a false or misleading representation of fact concerning the offering price of, or the cost for goods in violation of ORS 646.608(1)(s)?

r.       Did Defendant engage in unfair or deceptive conduct in trade or commerce in violation of ORS 646.608(1)(u)?

s.       What is the proper measure of damages under Oregon's Unlawful Trade Practices Act?

t.       Are exemplary or punitive damages appropriate to address Defendant's violations?

85.     Each of the Plaintiff's claims are typical of the National Class claims. Each National Class claim arises from the same type events, practices, and course of conduct by Defendant — the labeling, marketing, and sales of Accused Products. Standardized misrepresentations through statements and omission of required facts were made to each putative class member through the PDPs on each container of Accused Product.  Defendant's misrepresentations and omissions on the PDPs, defined by the FDA as "the part of a label that is most likely to be displayed, presented, shown, or examined under customary conditions of display for retail sale" were so all-encompassing and material that each class member is deemed to have relied upon them under *Affiliated Ute Citizens of Utah v. U.S.,* 406 U.S. 128 (1972).

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

86.     The legal theories asserted by Plaintiff are the same as the legal theories that will be asserted on behalf of the National Class — claims for injunctive relief and money damage claims for fraud and unjust enrichment.

87.     Plaintiff's claims as Subclass Representative for the Oregon Subclass are typical of the claims of the members of the Subclass.  The claims arise from the same type events, practices, and the same course of conduct by Defendant — the marketing and sales of the Accused Products. The legal theories asserted by Plaintiff as Oregon Subclass Representative are the same as the legal theories asserted by the members of the Oregon Subclass -- claims for injunctive relief and money damage claims for fraud, unjust enrichment, and violation of ORS 646.608(1).

88.     Plaintiff is willing and prepared to serve the Court as a representative for the National Class and the Oregon Subclass to which she belongs including all of the required material obligations and duties. Plaintiff will fairly and adequately protect the interests of the National Class and the Oregon Subclass to which she belongs, and has no interests adverse to or which directly or irrevocably conflicts with the other members of the National Class or the Oregon Subclass.

89.     Plaintiff's self-interests are co-extensive with, and not antagonistic to the interests of the absent members of the National Class and the members of the Oregon Subclass. Plaintiff will represent and protect the interests of the National Class and the Oregon Subclass.

90.     Plaintiff has engaged the services of Rick Klingbeil, PC.  Counsel is

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

experienced in litigation, complex litigation, and class action cases, and will protect the rights of and otherwise effectively represent the named class representatives and absent National Class and Oregon Subclass Members.

91.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable.  The operative facts relating to Plaintiff and members of the National Class and State Subclass are the same.  The damages suffered by each of the Oregon Subclass Members are relatively small, the expense and burden of individual litigation makes it inefficient and ineffective for members of the Class and Oregon Subclass to individually redress the wrongs done to them, and proceeding as a class action will resolve hundreds of thousands of claims in a manner that is fair to Defendant and to Class Members. There will be no difficulty in the management of this case as a class action with a National class consisting of members from all states, and as an Oregon Subclass consisting of the same individuals who reside in the state of Oregon.

92.    Class Members may be notified of the pendency of this action by several means, including posted notice at Defendant's places of business and retail stores, its website, catalogues, and on promotional websites and social media related to Defendant's business.

93.    Defendant has recorded identifying details of many Class Members through customer-established accounts.  These include customers who have joined and provided personal information through Rite Aid's "wellness +", "My Pharmacy", and "Plenti" customer accounts / rewards programs.

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

94.     To establish a customer account, a customer provides their full name, email address, mailing address, and sometimes their phone number. Customer accounts retain and save an account holder's order history, which would show their purchases of any Accused Product.  This customer order history and contact information would allow an efficient and direct method of providing notice to a substantial percentage of the Class and Subclass.

95.     Class Members may also be notified directly based on charge and banking card records used in the transactions, and, if deemed necessary or appropriate by the Court, through published notice.

96.     The prosecution of separate actions by individual Class and Subclass Members would create a risk of inconsistent or varying adjudications with respect to individual members, which would establish incompatible standards of conduct for Defendant. Defendant has acted on grounds that apply generally to the Class and the Oregon Subclass making equitable relief and relief based on fraud and unjust enrichment appropriate to the Class as a whole.

### VII.     NATIONAL CLASS

### FIRST CLAIM FOR RELIEF

### (Unjust Enrichment)

97.     On behalf of herself and the members of the National Class, Plaintiff realleges each of the preceding paragraphs and further alleges:

98.     Defendant has been unjustly enriched based on the above described conduct.

99.     Specifically, Defendant has provided Plaintiff and Class Members

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

with half or less than half of the quantity of Nutritional Supplement that is represented on the PDP of each Accused Product.

100.    Defendant has received a benefit in the form of payment for Accused Products that contained half or less than half of the ingredients shown on the PDP.  Defendant retained these payments.

101.    Defendant was unjustly enriched in an amount equal to the Excess Price paid for any Accused Product.

102.    Retention of the Excess Price by Defendant would be unjust and inequitable.

103.    Defendant's unjust enrichment came at the expense of Plaintiff and Class Members.

104.    Plaintiff and Class Members, including members of the Oregon Subclass, seek restitution and disgorgement of any Excess Price Defendant received for any Accused Product as calculated above.

## SECOND CLAIM FOR RELIEF

### (Fraud)

105.    On behalf of herself and the members of the National Class, Plaintiff realleges each of the preceding paragraphs and further alleges:

106.    The representations and omissions made by Defendant on the PDP on each of the Accused Products relating to (1) the quantity of the supplement contained in each Unit within the package, and (2) the total quantity of the supplement within the package (Supplement Amount per Unit multiplied by number Units) were false. Specifically, Defendant (1) omitted disclosing on the

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

PDP that the Supplement quantity shown was the amount "per serving" or "per x units", and not a "per Unit" measure, and/or (2) failed to indicate the accurate number of milligrams per Unit on the PDPs.

107.    Defendant knew or should have known that its failure to include the omitted terms, or failure to accurately indicate the quantity of Nutritional Supplement per Unit would cause the PDP to be false and misleading to a reasonable consumer.

108.    Defendant further misrepresented the amount of Nutritional Supplement in its Accused Products through false and misleading Price Labels.

109.    Defendant further misrepresented the amount of Nutritional Supplement in its Accused Products through false and misleading descriptions and text located on its internet website pages.

110.    Defendant's misrepresentations and omissions were material because they related to the quantity and characteristics of the product being purchased, and because they relate to facts that Defendant was required to accurately disclose under federal and Oregon law.

111.    The misrepresentations and material omissions were known by Defendant to be false.

112.    The representations were made with the intent that Plaintiff and Class Members would rely upon them or, alternatively, not learn of the omitted material terms and information.

113.    Plaintiff and Class Members did not know of the falsity of the representations, and did not know or have reason to know of the omitted facts,

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

and therefore are deemed to have justifiably relied upon Defendant's false representations when purchasing the Accused Products.

114.    Plaintiff and Class Members had a right to rely upon Defendant's misrepresentations and misrepresentations created by its omissions.

115.    Plaintiff and Class Members were damaged by the misrepresentations and omissions because they received substantially less Nutritional Supplement than was stated on the PDPs, internet website text, and/or Price Labels.

116.    Plaintiff and the National Class Members, including members of the Oregon Subclass, seek recovery of money damages equal to the Excess Price Defendant received from the sale of any Accused Product to any Class or Subclass Member.

117.    Plaintiff and the National Class Members, including members of the Oregon Subclass, seek punitive damages, attorney fees, and costs incurred in connection with this claim for relief.

## VIII.   OREGON SUBCLASS

### CLAIM FOR RELIEF

### (ORS §646.608 - Unlawful Trade Practices)

118.    On behalf of herself and the Oregon Subclass, Plaintiff realleges each of the preceding paragraphs and further alleges:

119.    By engaging in the conduct and practices described herein, Defendant violated and continues to violate the Oregon Unlawful Trade Practices Act, ORS §646.608 in one or more of the following ways:

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

a.   Defendant represented that goods have characteristics, ingredients, quantities or qualities that they do not have in violation of ORS §646.608(1)(e);

b.   Defendant made false or misleading representations of fact concerning the offering price of, or the persons cost for goods, in violation of ORS §646.608(1)(s);

c.   Defendant engaged in unfair or deceptive conduct in trade or commerce proscribed by rules established by the Oregon Attorney General, in violation of ORS §646.608(1)(u).

The Oregon Attorney General has adopted the FDA's requirements for food and supplement labeling that are applicable to Defendant's misconduct.  Specifically, OAR 603-025-0190 states:

> "rules governing food identity, *** and labeling of or in food adopted by the Food and Drug Administration of the U.S. Department of Health and Human Services, are hereby adopted as the rules governing this subject matter in Oregon. *** The adopted federal programs and standards are those set forth in the 2015 version, Title 21, Chapter 1, Parts 1, 7, 70, 73, 74, 81, 82 and 100 through 199, of the Code of Federal Regulations."

Defendant violated the labeling requirements set forth in 21 CFR Ch. 1, Part 101.105(1) because it failed to include an accurate statement of the net quantity of Nutritional Supplement on the PDPs for each of the Accused Products.  Violation of 21 CFR Ch. 1, Part

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

101.105(1) constitutes an unfair or deceptive conduct in trade or commerce proscribed by rules established by the Oregon Attorney General, in violation of ORS §646.608(1)(u).

120.    Defendant selectively chose to make misrepresentations and/or omissions on the containers for the Accused Products, while accurately stating the product quantities for several of its other products with serving sizes of two or more Units.  Defendant's violations were therefore the result of a reckless or knowing use or employment of a method, act, or practice declared unlawful by ORS §646.608(1)(e), (s), or (u).

121.    Plaintiff and Class Members have sustained an ascertainable loss of money or property as a result of Defendant's violations.

122.    Plaintiff and Oregon Subclass Members are entitled to injunctive relief pursuant to ORS §646.638(8)(c).

123.    Plaintiff and Oregon Subclass Members are entitled to the greater of their actual damages or $200 per violation, pursuant to ORS 646.638(1) and (8)(a).

124.    Plaintiff and Oregon Subclass Members are entitled to punitive damages pursuant to ORS 646.638(8)(b).

125.    Plaintiff and Oregon Subclass Members are entitled to attorney fees and costs pursuant to ORS 646.638(3).

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

## IX.     REQUEST FOR RELIEF

Plaintiff seeks the following for herself, the National Class, and the Oregon

Subclass Members:

### Case Management

An Order from this Court:

A.     Certifying this action as a class action as set forth above, or as a

class action or issue class as otherwise deemed appropriate by the Court

pursuant to a Motion to Certify Class Action to be filed by Plaintiff in this case;

B.     Appointing Plaintiff as a Representative for both the National Class

and the Oregon Subclass;

C.     Approving counsel listed herein as class counsel for the National

Class and the Oregon Subclass.

D.     Setting a trial by jury for all issues so triable.

### Injunctive / Equitable Relief

### (National Class - All claims)

An Order from this Court:

E.     Granting a temporary and permanent injunction enjoining Defendant

from engaging in any further misconduct at issue in this action nationwide, and

within the State of Oregon. Specifically, Defendant should be enjoined from

mislabeling and marketing the Accused Products as alleged in this Complaint.

F.     Ordering restitution to the members of the class for the amount that

Defendant has been unjustly enriched as a result of its wrongful conduct, with

interest;

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

G.     Ordering reimbursement of the reasonable costs, disbursements, and litigation expenses incurred by Plaintiff and the Class necessary to obtain injunctive relief.

**Injunctive / Equitable Relief**

**(Oregon Subclass - ORS 646.608(1) *et seq.*)**

An order from this Court:

H.     Granting a temporary and permanent injunction enjoining Defendant from engaging in any further violations of ORS §646.608(1) *et seq*. within the state of Oregon pursuant to ORS §646.638(8)(c).

**Monetary Damages**

**(National Class)**

A verdict from the jury at trial awarding:

I.     Restitution and disgorgement of any Excess Price Defendant received during the class period from sales of any Accused Product from any Class Member (Unjust enrichment claim).

J.     Awarding monetary damages measured by the Excess Price Defendant received during the class period from sales of any Accused Product from any Class Member as calculated above.  (Fraud claim).

K.     Exemplary / punitive damages in an amount necessary to address Defendant's fraudulent conduct during the class period.

L.     Attorney fees and costs incurred by the Class and Subclass.

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

### Monetary Damages

### (Oregon Subclass)

A verdict from the jury at trial awarding:

M.     The greater of Subclass Members' actual damages or $200 per violation for each violation during the class period. ORS 646.638(1) and (8)(a).

N.     Punitive damages pursuant to ORS 646.638(8)(b) in an amount necessary to address Defendant's misconduct during the class period.

O.     Attorney fees and costs pursuant to ORS 646.638(3).

**Dated:**  February 15, 2018.

Rick Klingbeil, PC

/s/ Rick Klingbeil

_____
Rick Klingbeil, OSB#933326
Of Attorneys for Plaintiff
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565

RICK KLINGBEIL, PC
1826 NE Broadway
Portland, OR 97232
Ph: 503-473-8565
rick@klingbeil-law.com

# Exhibit 1

Calcium 1000 mg, 100 ct. claimed

(500 mg, 100 ct. actual)









# Exhibit 2

Cranberry 850 mg, 100 capsules claimed
(425 mg, 100 capsules actual)







# Exhibit 3

## Echinacea/Goldenseal 500mg/400mg, 50 capsules claimed
## (250mg/200mg, 50 capsules actual)









# Exhibit 4

Glucosamine/Chondroitin 1000/800mg, 60 capsules claimed
(250/200mg, 60 capsules actual)









# Exhibit 5

### Glucosamine/Chondroitin 500/400mg, 60 capsules claimed (167/133mg, 60 capsules actual)









# Exhibit 6

### Glucosamine/Chondroitin 500/400mg, 120 capsules claimed (167/133mg, 120 capsules actual)









# Exhibit 7

Glucosamine/Chondroitin 500/400mg, 180 capsules claimed
(167/133mg, 180 capsules actual)









# Exhibit 8

Glucosamine/Chondroitin/MSM 1500mg/1200mg/900mg, 120 caplets claimed
(500mg/400mg/300mg, 120 caplets actual)









# Exhibit 9

Glucosamine/Chondroitin/MSM 1500mg/1200mg/900mg, 180 caplets claimed
(500mg/400mg/300mg, 180 caplets actual)









# Exhibit 10

Glucosamine/Chondroitin/MSM 1500mg/1200mg/900mg, 240 caplets claimed
(500mg/400mg/300mg, 240 caplets actual)









# Exhibit 11

Lycopene 30 mg, 60 softgels claimed
(15 mg, 60 softgels actual)







